

Entered on Docket
November 10, 2010

_____
**Hon. Michael S. McManus**
**United States Bankruptcy Judge**

WILLIAM A. VAN METER, TRUSTEE
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada  89513
Telephone:  (775) 324-2500
tobyc13@nvbell.net

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

DEBORAH A. BRAAT,

　　　　　　　　　　Debtor.

CASE NO. **BK-N 10-53096-GWZ**

CHAPTER 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

Hearing Date:  October 22, 2010
Time:  2:00 p.m.

　　　The Debtor's Chapter 13 Plan and Motion to Value Collateral having been served on all parties in interest and the Court finding, after proper notice and an opportunity for hearing, that the Debtor's plan satisfies all of the requirements of 11 U.S.C. § 1325, all pending objections having been resolved, and for other good cause appearing;

　　　**IT IS ORDERED** that the Debtor's Chapter 13 Plan is confirmed.

　　　**IT IS ORDERED** that there being no objection to the Debtor's compliance with 11 U.S.C. § 521(a)(1) the Court finds that the Debtor has filed all information necessary to proceed with the administration of this Chapter 13 case.

　　　**IT IS FURTHER ORDERED** that except as otherwise provided for in this order or any other applicable order the Court values any collateral described in the Debtor's Chapter 13 Plan as estimated by the Debtor in the Plan and that

the interest rate proposed to provide the secured creditor with the present value of its claim satisfies 11 U.S.C. § 1325(a)(5)(B)(ii).

**IT IS FURTHER ORDERED** that the Debtor's proposed assumption of executory contracts and unexpired leases as set forth in the Debtor's Chapter 13 Plan are approved. All executory contracts and unexpired leases not provided for in the Debtor's Chapter 13 Plan are rejected.

**IT IS FURTHER ORDERED** that the Standing Chapter 13 Trustee shall file and serve a Notice of Intent to Pay Claims on all parties in interest after the expiration of the time allowed to file proofs of claim. Objections to the Trustee's Notice of Intent to Pay Claims shall be filed, served, and set for hearing by the objecting party within thirty (30) days following service of the Trustee's Notice. In the absence of an objection to the Trustee's Notice of Intent to Pay Claims, the proposed distributions set forth in this document shall be final. Unless the Court orders otherwise after notice and hearing, the Trustee shall make no distributions to any claim filed after the time allowed for filing such claims as set forth in Fed. R. Bankr. P. 3002 and 3004 and the Debtor's Plan. The time period for the Debtor to file a proof of claim set forth in Fed. R. Bankr. P. 3004 is extended until (30) days following service of the Trustee's Notice of Intent to Pay Claims.

**IT IS FURTHER ORDERED** that to the extent distributions have not been made to the holder of an allowed claim, objections to the allowance and payment of any claim may be filed at any time before the Debtor is discharged.

**IT IS FURTHER ORDERED** that the Debtor shall provide immediate written notice to the Clerk of the United States Bankruptcy Court and the Chapter 13 Trustee of any change of address.

**IT IS FURTHER ORDERED** that the debtor shall provide immediate written notice to the Trustee of any termination, reduction of, or other material change in the Debtor's assets, income and/or employment.

**IT IS FURTHER ORDERED** that in the event the Plan does not continue to satisfy all confirmation requirements when the allowed amount of all claims becomes known, the Debtor shall modify the confirmed plan to satisfy all confirmation requirements. Failure to modify the plan under these circumstances shall constitute cause for dismissal under 11 U.S.C. § 1307(c).

**IT IS FURTHER ORDERED** that to the extent the plan does not provide for arrears on a secured claim and a proof of claim or amended proof of claim is filed indicating that arrears on the claim exist, the Trustee shall make no distributions on the claimed arrears. The Debtor will pay the arrears claim directly, amend the plan to provide for the unanticipated arrears, or object to the claim.

**IT IS FURTHER ORDERED** that in the event the Debtor fails to make any proposed direct payment, any proposed cure of the default shall be addressed in a plan modification and the postpetition default shall be cured by the Trustee from modified plan payments. Provided that the modification does not alter the proposed distribution to holders of other claims, the proposed modification may be submitted by stipulation approved by the Debtor, the affected secured creditor and Chapter 13 Trustee.

**IT IS FURTHER ORDERED** the Plan contains a clerical error regarding the amount of legal fees requested. The Disclosure of Compensation of Attorney for Debtor pursuant to 11 U.S.C. §329(a) and Bankruptcy Rule 2016(b) in this case provides for total attorneys fees and costs of **$4,000.00**. Of this amount a total of **$4,000.00** is allowed, and **$1,226.00** has been paid prepetition. The balance of **$2,774.00**, shall be paid by the Standing Chapter 13 Trustee from plan payments. Additional fees and costs, if any, may be approved after notice and hearing in accordance with 11

U.S.C. §§ 329, 330, Fed. R. Bankr. P. 2002, 2016, 2017, and the Court's general Guidelines for Compensation and Expense Reimbursement of Professionals.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 102(1) and based on facts and circumstances of this case further notice and hearing is unnecessary and pursuant to 11 U.S.C. § 1323 the plan is amended as follows:

In order to provide the minimum amount needed to the unsecured creditors to provide all disposable income and as required by the B22C, the debtors plan payments shall increase from $300.00 to $350.00 beginning with the November 2010 payment for a base amount of $20,900.00.

The debtors plan provides to pay Wells Fargo in the amount of $10,000.00 for mortgage arrears. The creditor has filed a proof of claim on August 13, 2010 in the amount of $10,386.58 that the debtor's agree with. The Trustee shall pay Wells Fargo pursuant to the filed proof of claim.


Prepared by:

CHAPTER 13 TRUSTEE

/S/ WILLIAM A. VAN METER
WILLIAM A. VAN METER, TRUSTEE

**Approved**/Disapproved by:

/S/ TRICIA M. DARBY
KEVIN A. DARBY, ESQ.
Attorney for Debtor

ALTERNATIVE METHODS re: RULE 9021:

In accordance with L.R. 9021, the undersigned certifies:

   _____    The court waived the requirements of L.R. 9021.

   __X__    I have delivered a copy of this proposed order to all attorneys and unrepresented parties who appeared at the hearing regarding this matter and/or who filed a written objection and each has:
      __X__    approved the form of this order as indicated above;
      _____    waived the right to review the order; and/or
      _____    failed to file and serve papers in accordance with L.R. 9021(c).

   _____    I have delivered a copy of this proposed order to all attorneys and unrepresented parties who appeared at the hearing regarding this matter and/or who filed a written objection and all have either approved the form of this order, waived the right to review the order, failed to file and serve papers in accordance with L.R. 9021(c) and the following have disapproved the form of the order:

      NONE

   _____    No opposition was filed to the motion and no other party or counsel appeared at the hearing.

**Dated:** November 4, 2010

      /S/ Katie Jackson
      Katie Jackson
      Assistant to William A. Van Meter, Trustee
      P.O. Box 6630
      Reno, NV  89509

      ###